# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH M. JACKSON,

      Plaintiff,

  v.                                          Case No. 17-C-1792

DAVE BROOKS, FSA MARTIN,
JEAN LUTSEY, SCOTT ECKSTEIN, and
JOHN DOES,

      Defendants.

## ORDER

Plaintiff Joseph Jackson, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. This case is assigned to U.S. Magistrate Judge Nancy Joseph; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to this U.S. District Court judge for screening of the complaint. After entry of this Order, the case will be returned to Judge Joseph for further proceedings.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350.00 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On December 28, 2017, Judge Joseph ordered Jackson to pay an initial partial filing fee of $2.04. He paid that fee on February 20, 2018. The court will grant Jackson's motion. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## SCREENING OF THE COMPLAINT

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ALLEGATIONS IN THE COMPLAINT

Jackson explains that he arrived at Green Bay Correctional Institution in 2017. He asserts that his medical records were sent to health services; the records indicated that he had been diagnosed with an allergy to apples. Jackson states that exposure to apples "could lead to his death,

2

as breathing passage swell and close." ECF No. 1 ¶ 20. Jackson states that the information regarding his allergy was also forwarded to the dietary department to ensure his meals were free of apple products.

Jackson asserts that he spoke to defendant Martin about his allergy, and Martin informed Jackson that he would not receive a food tray free of apple products. Martin allegedly told Jackson that the institution does not provide food substitutions for apple allergies.

Jackson explains that he was forced to accept food trays containing foods that his dietician had warned him to avoid, such as apple sauce, apple bars, and fruit salad with apples. Jackson asserts that Martin and Brooks repeatedly told him to eat around the apples; however, Jackson explains that there is a lot of cross-contamination and that he was often unsure whether food contained apple products.

Jackson alleges that Martin and Brooks informed the complaint examiner that substitutions are not given for allergies to foods such as onions, apples, and tomatoes. They allegedly stated that the Green Bay food services department requires inmates to use a "self-select process." *Id.* ¶ 15. According to Jackson, Martin instructed him to contact health services to get documentation confirming his allergy and ordering an apple-free food tray. Jackson states that he contacted Lutsey to enforce the dietician's order. He does not indicate whether or how Lutsey responded.

## THE COURT'S ANALYSIS

To state a claim of deliberate indifference to a serious medical need, a plaintiff must allege that: (1) he suffered from an objectively serious medical condition; and (2) the defendants were deliberately indifferent to a risk of serious harm from that condition. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). While the Eighth Amendment does not entitle prisoners to "demand

specific care" or "the best care possible," it does entitle them to "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

With this standard in mind, the court will allow Jackson to proceed on a deliberate indifference claim against Martin and Brooks based on his allegations that, despite Jackson's allergy, they repeatedly denied or ignored his requests for assistance in obtaining a food tray free of apple products.

The court will not allow Jackson to proceed against the remaining defendants. Under § 1983, for a defendant to be liable, he "must be personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations and internal quotations omitted). Jackson includes Scott Eckstein, the warden of Green Bay, and "Food Service Supervisors" in the caption of his complaint, but he does not include allegations explaining what they did or did not do to allegedly violate his rights. Under § 1983, a supervisor is not liable for the misconduct of his subordinates. Instead, a person is liable only for what he personally did or did not do. Because Jackson appears to sue these defendants only because of their positions as supervisors, he fails to state a claim against them.

Finally, Jackson fails to state a claim against Lutsey. Jackson alleges that he wrote to Lutsey to ask her to enforce the dietician's orders, but he does not allege whether or how Lutsey responded to his letter. Without this information, the court cannot reasonably infer that Lutsey violated Jackson's constitutional rights.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Jean Lutsey, Scott Eckstein, and John Doe are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendants Dave Brooks and FSA Martin.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Brooks and Martin shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $347.96 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that this case be returned to United States Magistrate Judge Joseph for further proceedings.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this  7th  day of March, 2018.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.