# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH M. JACKSON,**

    Plaintiff,

    v.                                            Case No. 17-cv-1792

**DAVE BROOKS, et al.,**

    Defendants.

## DECISION AND ORDER ON MOTION FOR AN INJUNCTION AND MOTION FOR AN ORDER GRANTING ACCESS TO MEDICAL FILES

Jackson filed a document setting forth four requests: 1) he would like an injunction requiring defendants to provide him with a medical diet tray; 2) he would like an order giving him access to his medical files; 3) he would like to make a settlement offer to defendants; and 4) he would like guidance on what will happen next in his case. Docket # 13. I will address each request in turn.

*1. Injunctive Relief*

To obtain preliminary injunctive relief, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).

Jackson alleges in his complaint that he has a severe allergy to apples that could cause his "breathing passage [to] swell and close." Docket # 1 at 4. He also alleges that it is difficult for him to know what food items contain apples or whether there has been cross-contamination. *Id.* at 3-4. Given the potential serious consequences Jackson may suffer as a result of exposure to apples, the relief he requests may be warranted. However, before I can make that decision, I must hear from defendants. I will require defendants to respond to plaintiff's motion by **April 11, 2018**.

2. *Access to Medical Files*

I will deny Jackson's request that I order his institution to give him access to his medical records. Institutions have specific policies regarding prisoners' access to their medical records. I will not interfere with those policies. Jackson is not freed of his obligation to comply with the policies about access to and copying of his medical records simply because he filed a lawsuit.

3. *Settlement Offer*

If Jackson would like to make an offer to settle this case, he must send his offer directly to defendants' counsel. If the parties agree that this case may be resolved through mediation, they may file a joint motion asking me to refer this case to another magistrate judge for mediation. I will not entertain a request for mediation from only one party, nor will I facilitate settlement discussions between the parties.

4. *How this Case Will Proceed*

As I stated in the screening order, defendants must now respond to Jackson's complaint. Assuming defendants file an answer in response to the complaint, I will enter a scheduling order setting deadlines for discovery and the filing of dispositive motions. During

discovery, pursuant to Federal Rule of Civil Procedure 33, Jackson may ask defendants to answer his interrogatories (*i.e.*, written questions) regarding the alleged events, and, pursuant to Federal Rule of Civil Procedure 34, he may ask defendants for any reports or records that he believes are relevant to the alleged events. I will include with this decision a brochure entitled, "Answers to Prisoner Litigants' Common Questions" that contains additional information that Jackson may find helpful.

**NOW, THEREFORE, IT IS ORDERED** that defendants shall respond to plaintiff's motion for injunctive relief (Docket # 13) by **April 11, 2018.** If plaintiff wants to file a reply in support of his motion, he must do so by **April 25, 2018.**

**IT IS FURTHER ORDERED** that plaintiff's requests for copies, for settlement, and for updates (Docket # 13) are **DENIED**.

The Clerk's Office will mail plaintiff the brochure entitled, "Answers to Prisoner Litigants' Common Questions," along with a copy of this decision.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge