UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH M. JACKSON,

                    Plaintiff,

     v.                                Case No. 17-cv-1792-pp

DAVID BROOKS, *et al.*,

                    Defendants.

**DECISION AND ORDER DENYING PLAINTIFF'S
MOTION FOR AN INJUNCTION (DKT NO. 13) AND DENYING
HIS MOTION FOR AN EXTENSION OF TIME AND FOR AN ORDER
FOR A LEGAL LOAN (DKT. NO. 19)**

The plaintiff, a Wisconsin state prisoner who is representing himself, is proceeding on a deliberate indifference claim against the defendants, based on his allegations that, despite the fact that he was allergic to apples, the defendants repeatedly denied or ignored his requests for assistance in obtaining a food tray free of apple products. Dkt. No. 12 at 3-4. On March 9, 2018, the plaintiff filed a motion seeking: (1) an injunction requiring his institution to give him a medical diet tray free of apple products; (2) an order "issu[ing] access for medical files to be copies for review for lawsuit;" (3) the ability to talk to Judge Joseph about his settlement demands; and (4) information about what was going on with his case and what he needed to do next. Dkt. No. 13.

U.S. Magistrate Judge Nancy Joseph (the judge assigned to the case at that time) gave the plaintiff information about how his case would proceed,

1

denied the plaintiff's request for access to his medical records, denied his request for a settlement, and ordered the defendants to respond to his request for injunctive relief. Dkt. No. 14.

On April 11, 2018—before the court received the defendants' response—the court received another motion from the plaintiff. Dkt. No. 19. He first asks whether this court could provide him with "an extension on the motion [he] filed to have access to medical records on March 3rd 2018." Dkt. No. 19. The plaintiff appears to indicate that he has been given access to the medical files regarding his apple allergy. Id. It is not clear why the plaintiff wants an extension on the motion; Judge Joseph denied this motion in her March 22, 2108 order. Dkt. No. 14. The court will deny this request as moot.

The plaintiff also asks the court to "have it court ordered that [he] would need a year of funding through legal loan so he can stay in contact with the court and respond to and file motions." Dkt. No. 19. The court will deny that request. The court is not involved in giving or monitoring legal loans. Those decisions are made by the inmate's institution. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") If the plaintiff wants a legal loan, he must follow his institution's rules and guidelines for applying for one.

Finally, the plaintiff again asks the court to file an injunction for a medical tray to be provided to him, due to his allergy. Dkt. No. 19. The plaintiff

already had filed an earlier motion asking for this same relief, dkt. no. 13, and the defendants filed their response on May 4, 2018, dkt. no. 21. The plaintiff did not file a reply.

To obtain preliminary injunctive relief, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the court then balances the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).

The court will deny the plaintiff's motion, because he has not established that he will suffer irreparable harm if the court does not order his institution to provide him with apple-free food trays. The defendants provide a detailed medical history of the plaintiff's allergy. Their evidence (which the plaintiff did not dispute or disagree with) demonstrates that a preliminary injunction is unnecessary because: (1) the plaintiff can avoid eating any food items on his tray that contain apples; and (2) the mere presence of apples on his food tray will not harm him. Dkt. No. 21 at 12-13.

The defendants explain that the plaintiff's meal trays have six to eight sections for individual food items, and that if any items containing apples

contaminate other items, the plaintiff can alert the chow officer or food staff and present his diet card. Id. at 13. The chow officer or food staff then will give him a new tray. Id. To the extent food items containing apples are on the plaintiff's food tray, he can simply not eat them.

Further, although the plaintiff reported in November 2017 that he had developed a rash on his arm and shoulder from the mere presence of apples on his food tray, neither the sergeant or health services staff found any sign of a rash. Id. There is no evidence to support the plaintiff's conclusion that the mere exposure to (as opposed to ingestion of) apples will harm him.

The court will deny the plaintiff's motion for injunctive relief, because the plaintiff has not carried his burden of showing that a preliminary injunction is necessary for him to avoid irreparable harm.

The court **DENIES** the plaintiff's motion for an injunction requiring the institution to give him a medical tray. Dkt. No. 13.

The court further **DENIES** as moot the plaintiff's motion for extension of time and **DENIES** his motion for a legal loan. Dkt. No. 19.

Dated in Milwaukee, Wisconsin, this 26th day of June, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**