UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JOSEPH M. JACKSON,

                         Plaintiff,

v.                                             Case No. 17-cv-1792-pp

DAVID BROOKS, *et al.*,

                         Defendants.

_____

**ORDER REGARDING PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

_____

On October 10, 2018, the defendants filed a motion for summary judgment. Dkt. No. 27. Under Civil Local Rule 56(b)(2), the plaintiff's response materials were due on November 12, 2018. The court emphasized this rule in its May 7, 2018 scheduling order, explaining that a party opposing a motion for summary judgment—in this case, the plaintiff—had to file a response to a summary judgment motion "within 30 days of service of the motion." Dkt. No. 25. The defendants also included a copy of the rules with their motion for summary judgment. Dkt. No. 27. As of today's date, the court has not received the plaintiff's response to the summary judgment motion.

The court notes that the plaintiff was transferred from Green Bay Correctional Facility to a supervised living facility on November 5, 2018. See DOC Inmate Locator, available at https://appsdoc.wi.gov/lop/detail.do. The plaintiff did not update the court with his new contact information, even though the court's screening order required him to do so. Dkt. No. 12 at 6. ("In

1

addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.")

The plaintiff was still in custody at Green Bay when the defendants filed their summary judgment motion. It is unclear to the court whether the transfer affected the plaintiff's ability to respond in a timely fashion. Regardless, the plaintiff's failure to update the court with his current contact information and his failure to respond to the defendant's summary judgment materials raises a question about whether the plaintiff still wants to pursue the case. The court will give the plaintiff an opportunity to respond to the defendants' motion. If he does not do so by the below deadline, the court will conclude that he does not want to pursue the case, and will dismiss it without prejudice and without further notice to the plaintiff. See Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.")

If the plaintiff does decide to oppose the motion, he must respond to each of the defendant's proposed facts (by agreeing with the proposed fact or explaining why he disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that he agrees with the proposed fact) and he must respond to the legal arguments in the defendants' brief. The plaintiff must support his facts, or his disagreement with the defendants' facts, with evidence. He can do that by relying on the information

and documents he received during discovery or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for the plaintiff to tell his side of the story while declaring to the court that everything he has written down is true and correct.

The court **ORDERS** that the plaintiff shall either respond to the defendant's motion for summary judgment or file a letter explaining why he is unable to do so in time for the court to receive it by the end of the day on **Friday, February 22, 2019**. If the court does not hear from the plaintiff by that date, the court will dismiss the case based on the plaintiff's failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin, this 23rd day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

---

[1] At the bottom of his declaration the plaintiff should state, "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]" 28 U.S.C. §1746(2).